## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WESSEL H. MEYER, Individually**<br>**and as Administrator of The Estate of**<br>**Maritius A. Meyer, and**<br>**MARTHA A. MEYER,** )<br><br>        **Plaintiffs,** )<br><br>    **v.** )<br><br>**JEFFREY FINK,** )<br><br>        **Defendant,** )<br><br>    **v.** )<br><br>**METROPOLITAN GROUP PROPERTY AND**<br>**CASUALTY INSURANCE COMPANY,** )<br><br>        **Garnishee.** )| **Case No. 14-CV-4074-JTM-GLR** |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant/Garnishee Metropolitan Group Property and Casualty Insurance Company's ("Metropolitan") Motion to Have Judgment Debtor Regarded as Nominal Party Or, Alternatively, Motion to Realign Parties (Doc. 4).  The time for responding to the motion has passed, and no opposition to the motion was filed.  Therefore, the matter is fully briefed and the Court is prepared to rule.  For the reasons set forth in more detail below, Metropolitan's motion is granted.

**I.      Background**

Plaintiff Wessel H. Meyer, individually and as administrator of the Estate of Maritius A.

Meyer, and Plaintiff Martha A. Meyer (Plaintiffs or Judgment Creditors) brought a wrongful death and survival action in the District Court of Riley County, Kansas, Case No. 10CV325, against Defendant Jeffrey Fink (Fink or Judgment Debtor).[1]  The action alleges that Fink, a passenger in a truck driven by Myles Runyon, was negligent in shifting the truck into park while traveling at highway speeds, causing the vehicle to overturn and resulting in the death of passenger Maritius Meyer.  Metropolitan issued an automobile insurance policy to Runyon's parents, insuring the truck involved in the accident.  Metropolitan asserts that the District Court of Riley County, Kansas entered judgment against Fink, and this garnishment ensued.

On August 8, 2014, Metropolitan filed a Notice of Removal with regard to the above-captioned garnishment by Judgment Creditors seeking to collect from Metropolitan the judgment obtained against Judgment Debtor Fink in the Riley County action.[2]  The Notice of Removal states that on or about May 29, 2014, a Request for Garnishment was filed in the underlying case in the District Court of Riley County, Kansas, and said court issued its Order of Garnishment on the same date.[3]  Metropolitan asserts that Judgment Debtor Fink is a nominal party who has no real interest in the controversy and who is not necessary to the adjudication of the garnishment action.

## II.    Discussion

The court in *Smotherman v. Caswell*, held that "the characterization of garnishment actions for the purposes of removal should be a matter of federal law rather than a matter to be

---

[1]ECF 6–1 at 17.

[2]ECF 1.

[3]ECF 1 at 2.

2

determined by construing individual state garnishment statutes."[4]   The court then concluded that

under federal law the garnishment action is a distinct civil action for the purposes of 28 U.S.C.

§ 1441(a) because it is separate and distinct from the underlying wrongful death action and

involves "a new party litigating the question of a new liability."[5]   The court further found that

even under Kansas law, it would reach the same conclusion.[6]

        Metropolitan seeks to have Judgment Debtor Fink regarded as a nominal party, or in the

alternative, realigned as a plaintiff, in order to meet the removal requirements of 28 U.S.C.

§ 1446.[7]   The failure of a defendant to consent to the removal requires remand under the

unanimity rule, which requires consent to removal from all defendants.[8]   However, "the failure of

a merely nominal or formal defendant to join in removal does not defeat the requirement of

unanimity among defendants."[9]

        Courts have addressed a similar issue in determining the proper status of parties for

purposes of determining diversity jurisdiction.[10]   In both situations, the Court must focus on

---

        [4]*Smotherman v. Caswell*, 755 F. Supp. 346, 348 (citing *Chicago, Rock Island & Pacific RR Co. v. Stude*, 346 U.S. 574, 74 S. Ct. 290, (1954); *Bridges v. Bentley*, 716 F. Supp. 1389, 1391 (D. Kan. 1989)).

        [5]*Id.*

        [6]*Id.* at 348–49.

        [7]This Memorandum and Order does not address the issue of whether removal was timely.  That issue is pending before the District Court pursuant to Plaintiffs' Motion to Remand (ECF 10).

        [8]*See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

        [9]*Smotherman*, 755 F. Supp. at 349 (citations omitted) (finding that defendant was a nominal party in the dispute between the plaintiff and garnishee insurer).

        [10]*See Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001) (Finding that the court's alignment of class defendants as plaintiffs in the case also eliminates the requirement that the class defendants must consent or join in the removal.).

substance over form.  "Diversity jurisdiction cannot be conferred upon the federal courts by the

parties' own determination of who are plaintiffs and who defendants.  It is our duty . . . to 'look

beyond the pleadings and arrange the parties according to their sides in the dispute.'"[11]  In

*Dodson Aviation, Inc. v. HLMP Aviation Corp.,* the court noted that:

> the Tenth Circuit stated that "[i]n determining the question whether
> diversity of citizenship requisite to jurisdiction exists, a court looks
> to the citizenship of the real parties in interest; and where there is a
> complete diversity between them, the presence of a nominal party
> with no real interest in the controversy will be disregarded."  The
> Court stated that the defendant was merely a "formal party"
> because it was not necessary to the complete adjudication of the
> controversy between the parties and therefore, its citizenship was
> irrelevant when determining whether jurisdiction existed.[12]

The court in *Bridges v. Bentley*, rejected the argument that diversity of citizenship did not

exist, holding that:

> The garnishment action filed against the garnishee is not joined by
> any claim or cause of action against the defendant.  The plaintiff's
> cause of action against the defendant has already been resolved in
> his favor in state court.  The petition for garnishment is directed
> only toward the garnishee and not the defendant.[13]

"In garnishment actions, where a garnishee has denied liability to the judgment debtor, the

judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of

determining diversity of citizenship."[14]

---

[11]*Nungesser v. Bryant*, Case No. 07-1285-WEB, 2007 WL 4374022, at *8 (D. Kan. Dec. 7, 2007) (*quoting Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 8, n.5 (1989)).

[12]*Dodson Aviation, Inc. v. HLMP Aviation Corp*, Case No. 08-4102-EFM, 2009 WL 1036123, at *2 (D. Kan. Feb. 12, 2009) (citing *Hann v. City of Clinton, Okla.*, 131 F.2d 978, 981 (10th Cir. 1942)).

[13]*Bridges v. Bentley*, 716 F. Supp. 1389, 1390 (D. Kan. 1989).

[14]*Smotherman*, 755 F. Supp. at 348 (citations omitted).

Metropolitan argues that the Judgment Creditors and Judgment Debtor have entered into a Settlement Agreement wherein the Judgment Creditors agreed that they would not seek to satisfy the Judgment by any lien on any personal or real property or assets of the Judgment Debtor, that they would not seek any garnishment, execution or writs of attachment against any of the Judgment Debtor's real or personal property, and that collection of the Judgment would be attempted to be satisfied only from the garnishee.  Metropolitan denies that coverage under its policy exists for purposes of the garnishment.  No responses were filed to Metropolitan's motion.

The Court therefore finds that the presence of Jeffrey Fink in this case is not necessary to the complete adjudication of the controversy raised in the garnishment proceeding.  Nor are Plaintiffs seeking relief from Fink in this action.  Judgment Debtor Fink is thus a nominal party in this dispute between Plaintiffs and Metropolitan.  His failure to join in removal does not defeat the requirement of unanimity among defendants. The Court thus grants Metropolitan's motion (ECF 4), and Jeffrey Fink is regarded as a nominal party for satisfying the requirements of removal jurisdiction.

IT IS SO ORDERED.

Dated at Kansas City, Kansas, this 14th day of October, 2014.


S/Gerald L. Rushfelt
GERALD L. RUSHFELT
UNITED STATES MAGISTRATE JUDGE