IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESSEL H. MEYER, Individually
and as Administrator of the Estate of
Maritius A. Meyer, and
MARTHA MEYER,

    Plaintiffs,

v.                                              Case No. 5:14-CV-4074-JTM-GLR

JEFFREY FINK and
METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE
COMPANY,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Wessel H. Meyer, individually and as administrator of the estate of Maritius A. Meyer, and plaintiff Martha Meyer (collectively "plaintiffs") seek to enforce an Order of Garnishment, issued by the District Court of Riley County, Kansas, against defendant Metropolitan Group Property and Casualty Insurance Company ("defendant").[1] This matter is currently before the court on plaintiffs' Motion to Remand the action to state court. For the reasons stated below, plaintiffs' motion is granted.

---

[1] On August 8, 2014, defendant filed a motion to have defendant Jeffrey Fink regarded as a nominal party or, in the alternative, to realign the parties. Dkt. 4. The motion was unopposed. Therefore, on October 14, 2014, Magistrate Judge Gerald R. Rushfelt granted defendant's motion. Dkt. 15.

## I.     Factual and Procedural Background

This case arises out of a fatal automobile accident. On November 16, 2008, Myles Runyon ("Runyon") was operating a 1999 GMC pickup truck westbound on Interstate 70 near mile marker 318. Nominal defendant Jeffrey Fink ("Fink") and plaintiffs' son, Maritius Meyer ("Maritius") were passengers in Runyon's truck. At some point, Runyon lost control of the truck, which subsequently left the highway and overturned. Maritius sustained substantial and fatal injuries and died the next morning.

Plaintiffs initially made a claim against Runyon, alleging that it was his negligence, as the driver of the vehicle, that led to Maritius' death. Dkt. 5, at 2. They submitted a claim to defendant, Runyon's auto insurer, for wrongful death. Dkt. 9, at 2. After its own investigation of the accident, defendant entered into a settlement with plaintiffs, agreeing to pay $250,000, the maximum per person payout of Runyon's insurance policy. Dkt. 9, at 2-3. In exchange for this payment, plaintiffs signed a "Full and Final Release of All Claims and Idemnitifcation Covenant." Dkt. 5, at 2. The settlement specifically preserved plaintiffs' right to maintain a claim against Fink. Dkt. 9, at 3.

On November 12, 2013, plaintiffs filed a wrongful death and survival action against Fink in the District Court of Riley County, Kansas. Dkt 1-1. Plaintiffs allege that, while Runyon was driving, Fink took control of the vehicle by shifting the truck out of "drive" and into "park," ultimately causing the fatal accident. Dkt. 1-1, at 12. During the course of litigation, plaintiffs and Fink entered into a settlement whereby plaintiffs agreed to satisfy any judgment they received against Fink by filing a garnishment against defendant. Dkt. 5, at 2-3.[2] On December

---

[2] Also during the litigation, plaintiffs made contact with defendant and demanded that the insurer assume responsibility for the defense and indemnity of Fink. Dkt. 9, at 4. Plaintiffs offered to settle their claim with defendant directly in the amount of $250,000. Dkt. 9, at 4. Defendant rejected the settlement offer and disclaimed

2

27, 2013, the Riley County Court entered judgment in favor of plaintiffs in the amount of $428,356.48 and issued the Order of Garnishment at issue in the present matter.  Dkt. 9, at 4.

Plaintiffs served defendant with the garnishment order on July 7, 2014.  Dkt. 12, at 3.  On August 8, 2014, defendant filed a Notice of Removal in the United States District Court for the District of Kansas.  Dkt. 1.  Plaintiffs filed the pending Motion to Remand on September 4, 2014, on the grounds that defendant's removal was untimely.  Dkt 10.  Defendant contests the motion, arguing that its removal could not be untimely because it was never actually served with the Order of Garnishment.  Dkt. 13.

## II.     Legal Standard

"The district courts of the United States . . . are 'courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.'"  *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "Except as otherwise provided . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . ."  28 U.S.C. § 1441(a).  The procedures for removal are governed by 28 U.S.C. § 1446, which provides, in part:

(a)     A defendant or defendants desiring to remove any civil action . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . .

(b)     The notice of removal of a civil action or proceeding *shall be filed within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446 (emphasis added).

---

coverage for Fink on the ground that he had "exceeded the scope of his permission for the use of the vehicle."  Dkt. 9, at 4.

A court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "In addition to lack of subject matter jurisdiction, defects in the removal procedure are grounds for remand." *McDonald v. BAM, Inc.*, 2013 U.S. Dist. LEXIS 29176, at *2 (D. Kan. Mar. 5, 2013) (citing 28 U.S.C. § 1447(c)); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996), *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996). "Procedural defects include a deficient or untimely notice of removal . . . ." *McDonald*, 2013 U.S. Dist. LEXIS 29176, at *2 (citing *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 580 (10th Cir. 1997)). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of notice of removal under 1446(a)." 28 U.S.C. § 1447(c). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Soule v. LMZ, LLC*, 2013 U.S. Dist. LEXIS 48470, at *4-5 (D. Kan. Apr. 2, 2013) (quoting *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)).

### III.    Legal Analysis

Plaintiffs seek remand on the grounds that defendant's removal was untimely, filed two days after the statutory deadline set forth in 28 U.S.C. § 1446(b), on August 8, 2014. Defendant does not contest that it filed for removal on August 8, 2014. Rather, it argues that the thirty-day period had not yet begun to run when it filed for removal because plaintiffs failed to effect proper service. The court disagrees.

In general, service may be made upon a foreign corporation by doing any of the following:

(1)    serving an officer, manager, partner or a resident, managing or general agent;

> (2)  leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or
>
> (3)  serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

K.S.A. § 60-304(e). Service may also be made by return receipt delivery on an officer, partner, or agent of the foreign corporation and must be addressed to that person at his or her usual place of business. *Id*. In instances where one of the parties is an insurance company or association, the general Kansas rules also allow service of summons or other process to be made "by serving the commissioner of insurance in the same manner as provided for service on foreign insurance companies or associations." K.S.A. § 60-304(g).

Also of relevance to the case at hand are Kansas' garnishment statutes. Under these statutes,

> the order of garnishment and the appropriate form for the garnishee's answer shall be served on the garnishee in the same manner as process is to be served pursuant to K.S.A. 60-301 through 60-313, and amendments thereto, except that the garnishee may be served by any means provided under K.S.A. 60-301 through 60-313, and amendments thereto, at the garnishee's business or office location and this shall be considered proper service.

K.S.A. § 60-732(b). The record shows that plaintiffs served defendant with the Order of Garnishment via return receipt delivery on July 7, 2014, pursuant to K.S.A. §§ 60-304(e) and 60-732(b). Dkt. 12, at 3.[3] Accordingly, defendant had thirty days, until August 6, 2014, to seek removal to this court. 28 U.S.C. § 1446(b). Defendant did not seek removal until August 8,

---

[3] Defendant calls plaintiffs to task for their statement in the Motion to Remand that they "served the garnishment order on [defendant] in conformity with K.S.A. 60-734(b) which allows service by return receipt delivery on an officer of the company." Dkt. 11, at 4. According to defendant, K.S.A. § 60-734(b) deals with an order of garnishment when the garnishment is to attach earnings. Here, the Order of Garnishment is clearly labeled "Order of Garnishment (To Attach Other Than Earnings)." Dkt. 12, at 1. As such, defendant argues, plaintiffs' service of process was improper. The court declines to entertain this argument as it is clear by the bulk of plaintiffs' Motion to Remand that its citation to K.S.A. § 60-734(b) rather than § 60-732(b) is merely typographical error.

2014. Dkt. 1.  Given this procedural defect, remand is warranted.  *See McDonald*, 2013 U.S. Dist. LEXIS 29176, at *2.

Defendant counters, however, that plaintiffs' service of process should have been made pursuant to the provisions of the Kansas Insurance Code, specifically K.S.A. § 40-218, which reads as follows:

> **Actions and garnishment proceedings against insurance companies; process, venue; procedure; fee; record of commissioner.** Every insurance company . . . on applying for authority to transact business in this state, and as a condition precedent to obtaining such authority, shall file in the insurance department its written consent, irrevocable, that any action or garnishment proceeding *may* be commenced against such company . . . in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside by the service of process on the commissioner of insurance of this state, and stipulating and agreeing that such service shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation.

K.S.A. § 40-218 (emphasis added).  Defendant argues that this language *requires* plaintiffs to have served the commissioner of insurance with the garnishment order, not defendant itself.  The court disagrees.

First and foremost, a plain reading of the statute makes clear that service upon the commissioner of insurance is merely an *alternative* to those methods listed in K.S.A. § 60-304(e).  While § 40-218 absolutely requires an insurance company, as a condition precedent to doing business in the state of Kansas, to register its written, irrevocable consent allowing the commissioner to serve as its registered agent, it does not stipulate that service upon the commissioner is the *only* means by which an insurance company can be served.  Rather, the statute's language is permissive in this regard, stating that any action against an insurance company "*may* be commenced . . . by the service of process on the commissioner of insurance." K.S.A. § 40-218 (emphasis added).  The statute does not say that an action *must* be commenced

6

by service on the commissioner.  Nor does it say that an action can *only* be commenced by service on the commissioner.  Defendant completely misinterprets the plain language of § 40-218.  The requirement is that an insurance company irrevocably agrees that the commissioner be *a* receiver of process, not the *sole* receiver of process.

To bolster its argument, defendant latches on to the more restrictive latter portion of § 40-218, which states that a summons or order of garnishment, accompanied by a $25 fee

> shall be directed to the commissioner of insurance, and shall require the defendant or garnishee to answer or otherwise respond by a certain day, not less than 40 days from the date the summons or order of garnishment is served on the commissioner.
>
> Service on the commissioner of insurance of any process, notice or demand against an insurance company . . . shall be made by delivering to and leaving with the commissioner or the commissioner's designee, the original of the process and two copies of the process and the petition, notice of demand, or the clerk of the court may send the original process and two copies of both the process and petition, notice or demand directly to the commissioner by certified mail, return receipt requested.

K.S.A. § 40-218.

Read in a vacuum, this portion of the statute would seemingly require service to be made only upon the commissioner which, of course, is exactly what defendant would have this court believe.  However, use of the term "shall" must be read in the context of the full statute.  It is not until *after* the statute states that an action against an insurance company *may* be commenced by service of process on the commissioner that it states that such process "shall" be directed to the commissioner and lays out exactly how to do so.  When understanding the entire statute as presenting merely an alternative means of service, the "shall" only becomes a requirement when a plaintiff has opted to serve the commissioner as a means of effecting service on the insurance company.

Case law further supports this interpretation. Kansas courts have long held that K.S.A. § 40-218 was not intended to provide the exclusive means of service upon an insurance company. In *Burlington Insurance Company v. Mortimer*, the plaintiff insurance company, much like defendant in the case at hand, argued that the insurance code required that an insurance company be served only by effecting service of process on the superintendent of insurance. 52 Kan. 784, 35 P. 807 (Kan. 1894). The Kansas Supreme Court disagreed and held as follows:

> By the amended law of 1875, it was provided that insurance companies, on applying for permission to transact business in the state, must, as a condition precedent, consent that service of process might be made upon the superintendent of insurance of this state, and provided the manner in which it should be made. Such companies were required to stipulate and agree that the service so made should be deemed as valid and binding as if due service had been made upon the president or chief officer of the corporation. *Instead, therefore, of making the service upon the superintendent exclusive, the language of the statue implies that the other service provided for in the code might be made*. It was the evident purpose of the legislature to provide an *additional* method of obtaining service upon and jurisdiction over insurance companies whose agents or officers might be remote from the locality where the contracts of insurance were made. It was not infrequent that insurance companies which had been engaged in business had discontinued their agencies and withdrawn from the localities where policies of insurance had been issued, so that in the enforcement of insurance contracts service of process could not be obtained upon the company, and local policy holders were required to follow the company to some remote place or state, at great inconvenience and loss. To meet such a contingency, the legislature provided for *another* method of service, by which causes of action might be enforced . . . but it has never been contended that this provision *superseded or set aside* the earlier and general one providing for the service of summons against corporations.

*Mortimer*, 35 P. at 808 (emphasis added). The Kansas Supreme Court therefore affirmed the decision of the trial court, which held that service upon the insurance company's chief officer was proper. *Id*.

Likewise, in *Jones v. American Central Insurance Company*, the defendant insurance company argued that service of a summons was improper as it was served on the company's designated representative, not on the state's superintendent of insurance. 83 Kan. 44, 109 P.

1077, 1078 (Kan. 1910). In affirming the decision of the trial court that service was proper, the Kansas Supreme Court noted that "the various methods provided by statute for service of summons upon a nonresident insurance corporation are cumulative." *Id.*[4]

Defendant cites a number of cases that it alleges stand for the proposition that service upon an insurance company is required to be made pursuant to § 40-218. *See Wardrip v. Hart*, 198 F.3d 260 (10th Cir. 1999), *Scharff v. CRST, Inc.*, 2002 U.S. Dist. LEXIS 8186 (D. Kan. May 3, 2002), *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1241 (D. Kan. 2001), *McClelland v. Michigan Sur. Co.*, 190 Kan. 761, 378 P.2d 72 (Kan. 1963), and *Novak v. Mut. of Omaha Ins. Co.*, 29 Kan. App. 2d 526, 28 P.3d 1033 (Kan. Ct. App. 2001). Though service was indeed made upon the insurance companies in these cases pursuant to § 40-218 (i.e., on the commissioner), there is no mention by the courts that § 40-218 is the *exclusive* means of service upon an insurance company.

Finally, this court takes issue with defendant's claim, and citation to case law, that the provisions of the Kansas Insurance Code "take precedence over the more general provisions of the code of civil procedure, including the garnishment statutes found therein." Dkt. 13, at 5. In making this claim, defendant cites to *Coleman v. Holecek*, a Tenth Circuit case that held that the

---

[4] At the time of both *Mortimer* and *Jones*, the precursor to § 40-218, found at Chapter 50a, § 41, in the General Statutes of 1889, provided that:

> every insurance company incorporated under the law of any other state, as a condition precedent to obtaining any authority to transact any business of insurance in this state, shall file in the insurance department its written consent irrevocable that actions *may* be commenced against such company in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside, by the service of process on the superintendent of insurance of this state, and stipulating and agreeing that such service shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation.

*German Ins. Co. v. Hall*, 1 Kan. App. 43, 41 P. 69 (Kan. Ct. App. 1895) (emphasis added).

attorney's fees provision in the Insurance Code (§ 40-256) took precedence over the more general provisions of the code of civil procedure. 542 F.2d 532 (10th Cir. 1976).  However, the Appellate Court was very clear that its ruling only dealt with the attorney's fees provision and, even then, only applied in certain situations: "[t]he court therefore concludes that the specific provisions of 40-256 of the insurance code providing for the award of attorney's fees in cases such as this one take precedence over the more general provisions of the code of civil procedure, including the garnishment statutes found therein." *Id*. at 539.  The Court made no indication, direct or implied, that its ruling applied to *all* provisions of the Kansas Insurance Code in every situation.  For defendant to so suggest is simply incorrect.

Given a plain reading of K.S.A. § 40-218 and the relevant case law, it is clear that § 40-218 was never intended to be, and does not operate as, the *exclusive* means of service upon an insurance company.  Rather, it is meant to be merely an alternative accommodation designed to save opposing parties the trouble of tracking down insurance companies that may well be out of state.  Just because plaintiffs did not take advantage of this accommodation does not mean that their service upon defendant was improper. Because plaintiffs' service was proper, defendant therefore had thirty days in which to seek removal to this court, pursuant to 28 U.S.C. § 1446(b). Defendant was served with the Order of Garnishment on July 7, 2010.  It did not seek removal until August 8, 2010, beyond the thirty-day deadline.  As such, the case must be remanded to state court.[5]

---

[5] The court notes that plaintiffs also allege that defendant's answer to the Order of Garnishment was untimely.  Dkt. 11, at 4.  However, given the court's decision with regard to plaintiffs' Motion to Remand, it declines to address the timeliness of defendant's answer.

**IT IS THEREFORE ORDERED** this 29th day of October, 2014, that plaintiffs' Motion to Remand (Dkt. 10) is hereby granted.

s/J. Thomas Marten<br>
J. THOMAS MARTEN,<br>
CHIEF JUDGE